Alan E. Engle (SBN 224779)
aengle@cbcounselor.com
Navin Bora (SBN 367949)
nbora@cbcounselor.com
CROSS-BORDER COUNSELOR, LLP
1115 Seal Way
Seal Beach, California 90740
Telephone: (310) 428-6985

Attorneys for Plaintiffs Hangzhou Jonger Information Technology Co., Ltd. and Wenzhou Jonger Trading Co., Ltd.

Steve Qi (SBN 228223)
Henry Wang (SBN 308120)
Law Offices of Steve Qi & Associates
3452 E Foothill Blvd, Suite 120
Pasadena, Ca 91107
(626) 282-9878
Steveqi@sqilaw.com

Attorneys for Defendant Cathy Logistics, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HANGZHOU JONGER INFORMATION TECHNOLOGY CO., LTD.; and WENZHOU JONGER TRADING CO., LTD.,

Plaintiffs,

v.

CATHY LOGISTICS, INC.; and ZHEJIANG CATHY INTERNATIONAL FREIGHT FORWARDING (GROUP) CO., LTD.,

Defendants.

Case No. 5:26-cv-01166-KK-DTB

Hon. Kenly Kiya Kato

**DISCOVERY MATTER**

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential commercial, financial, shipping, carrier-account, customer, personnel, settlement, or private information for which protection from public disclosure and use outside this litigation may be warranted. Plaintiffs and the remaining Defendant, Cathy Logistics, Inc., therefore stipulate to and petition the Court to enter this Stipulated Protective Order. This Order does not confer blanket protection on disclosures or discovery responses; it protects only material entitled to protection under Federal Rule of Civil Procedure 26(c) and applicable law. This Order does not authorize filing material under seal. Any request to seal must comply with Local Civil Rule 79-5 and the applicable public-access standard.

## 2. GOOD CAUSE STATEMENT

Good cause exists because discovery is expected to include nonpublic customer and order data; warehouse and fulfillment records; carrier-account identifiers, credentials, billing codes, negotiated rates, discounts, chargebacks, and fraud-investigation material; transaction-level shipping, invoice, and payment data; bank and general-ledger records; personal identifying information; nonpublic information of Amazon, UPS, USPS, FedEx, Trek Power Inc., Venetian Worldwide LLC, and other nonparties; and confidential arbitration or settlement material subject to contractual confidentiality and third-party notice rights. Unauthorized disclosure could facilitate misuse of active carrier or financial accounts, expose customers or employees to privacy and security risks, reveal competitively sensitive prices, margins, vendor relationships, and operating methods, impair contractual rights of nonparties, and cause commercial or reputational injury not adequately remedied by damages.

The parties intend to designate only material maintained in a confidential, nonpublic manner for which a good-faith basis exists under Rule 26(c). Mass,

indiscriminate, or tactical designations are prohibited. A single CONFIDENTIAL tier is sufficient; this Order creates no Attorneys' Eyes Only tier, prosecution bar, source-code regime, or automatic sealing procedure.

**3. DEFINITIONS**

3.1 Action: this federal action, Hangzhou Jonger Information Technology Co., Ltd., et al. v. Cathy Logistics, Inc., et al., Case No. 5:26-cv-01166-KK-DTB.

3.2 Challenging Party: a Party or Nonparty that challenges a confidentiality designation under this Order.

3.3 "CONFIDENTIAL" Information or Items: information or tangible things that qualify for protection under Rule 26(c) and the Good Cause Statement above.

3.4 Counsel: Outside Counsel of Record and their support staff.

3.5 Designating Party: a Party or Nonparty that designates Disclosure or Discovery Material as CONFIDENTIAL.

3.6 Disclosure or Discovery Material: all items or information, in any medium, produced or generated in disclosures or responses to discovery in this Action.

3.7 Expert: a person with specialized knowledge pertinent to this Action who has been retained by a Party or its counsel as an expert witness or consultant.

3.8 Nonparty: a natural person or legal entity not named as a party to this Action. For purposes of this Order, dismissed defendant Zhejiang Cathy International Freight Forwarding (Group) Co., Ltd. is a Nonparty unless it is later restored as a party.

3.9 Outside Counsel of Record: attorneys who are not employees of a Party, who represent or advise a Party in this Action, and who have appeared or are affiliated with a firm that has appeared, including support staff.

3.10 Party: a party to this Action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

3.11 Producing Party: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.12 Professional Vendor: a person or entity providing litigation support services, including copying, videotaping, translating, preparing exhibits, or organizing, storing, or retrieving data, and its employees and subcontractors.

3.13 Protected Material: Disclosure or Discovery Material designated CONFIDENTIAL.

3.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**4. SCOPE**

The protections of this Order cover Protected Material and information copied or extracted from it, copies, excerpts, summaries, compilations, and testimony or presentations that reveal it. This Order does not restrict information obtained lawfully and independently of discovery in this Action. Use of Protected Material at trial is governed by the trial judge's orders; this Order does not govern trial use.

**5. DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order remain in effect until the Designating Party agrees otherwise in writing or a court order directs otherwise. Final disposition means the later of dismissal of all claims and defenses or final judgment after completion of all appeals and expiration of time for further review.

## 6. DESIGNATING PROTECTED MATERIAL

### 6.1 Exercise of Restraint and Care.

A Designating Party must limit designations to specific material that qualifies for protection and, where practicable, designate only the protected portions. Mass, indiscriminate, routinized, or tactical designations are prohibited. A Designating Party that learns a designation is unwarranted must promptly withdraw it.

### 6.2 Manner and Timing.

(a) For documents or electronically stored information, the Producing Party must mark each page or file containing protected material with the legend CONFIDENTIAL. For native files, the legend may be placed in the file name, load file, slip sheet, or production transmittal. If only part of a page qualifies, the protected portion should be identified where practicable.

(b) Material made available for inspection is deemed CONFIDENTIAL only until the inspecting Party identifies material to be copied. The Producing Party must then designate qualifying material before production.

(c) For deposition or hearing testimony, a Designating Party must identify protected testimony on the record before the proceeding concludes or in writing within fourteen (14) days after receiving the transcript. Until that period expires, the transcript is treated as CONFIDENTIAL in its entirety.

(d) For nondocumentary information or tangible things, the Producing Party must affix the CONFIDENTIAL legend to the container and identify protected portions where practicable.

### 6.3 Inadvertent Failure to Designate.

A timely corrected failure to designate qualified material does not by itself waive protection. After notice, the Receiving Party must make reasonable efforts

to treat the material in accordance with this Order and retrieve any copies disclosed beyond the persons authorized below.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**7.1 Timing.**

A Party or Nonparty may challenge a designation at any time consistent with the Scheduling Order.

**7.2 Meet and Confer and Court Procedure.**

The Challenging Party must initiate the dispute-resolution process under Local Civil Rule 37-1 and identify each challenged designation and the basis for the challenge. If the parties reach impasse, they must comply with Judge Bristow's required pre-motion discovery-dispute conference before filing a motion and then comply with Local Civil Rule 37 and the Court's procedures.

**7.3 Burden.**

The Designating Party bears the burden of persuasion. Unless the designation is withdrawn or the Court orders otherwise, the material remains protected while the challenge is pending.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

**8.1 Basic Principles.**

A Receiving Party may use Protected Material only to prosecute, defend, or attempt to settle this Action. It must store and maintain Protected Material securely and limit access to persons authorized by this Order.

**8.2 Authorized Disclosures.**

Unless the Court orders otherwise or the Designating Party agrees in writing, a Receiving Party may disclose Protected Material only to:

(a) the Receiving Party's Outside Counsel of Record and employees to whom disclosure is reasonably necessary for this Action;

(b) officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts to whom disclosure is reasonably necessary and who have signed Exhibit A;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) Professional Vendors, jury consultants, and mock jurors to whom disclosure is reasonably necessary and who have signed Exhibit A;

(g) the author or recipient of a document, or a person who otherwise possessed or knew the information;

(h) witnesses and their counsel during depositions, hearings, or preparation where disclosure is reasonably necessary, provided the witness is requested to sign Exhibit A and may not retain the material unless the witness signs Exhibit A or the Designating Party agrees otherwise; and

(i) a mediator or settlement officer, and supporting personnel, agreed upon by the parties participating in settlement discussions.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A Party served with a subpoena or court order in other litigation that compels disclosure of Protected Material must promptly notify the Designating Party in writing and provide a copy, promptly notify the issuing person that the material is subject to this Order, and cooperate with reasonable protective procedures. If the Designating Party timely seeks protection, the served Party must not produce the material before the issuing court rules unless the Designating Party consents or law requires otherwise. The Designating Party bears the burden and expense of seeking protection. Nothing authorizes disobedience of a lawful directive.

**10. A NONPARTY'S CONFIDENTIAL MATERIAL SOUGHT IN THIS ACTION**

This Order applies to material produced by a Nonparty and designated CONFIDENTIAL. Nothing prevents a Nonparty from seeking additional protection.

If a Party is required to produce a Nonparty's confidential information and is subject to an agreement restricting disclosure, the Party must promptly notify the Requesting Party and the Nonparty, provide the Nonparty with this Order and the relevant request, and make the requested information available for inspection if requested. Nothing in this Order shortens a contractual notice or objection period. The Party may withhold the information for fifteen (15) business days after the Nonparty receives notice, or for any longer period required by the agreement. If the Nonparty timely seeks a protective order or objects under the agreement, the Party must not produce the material until the objection is resolved by agreement or court order. The Nonparty bears the burden and expense of seeking protection unless the agreement or applicable law provides otherwise.

**11. UNAUTHORIZED DISCLOSURE**

A Receiving Party that learns of an unauthorized disclosure must immediately notify the Designating Party in writing, use best efforts to retrieve all unauthorized copies, inform each recipient of this Order, and request execution of Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL**

When a Producing Party gives notice that material was produced inadvertently and is subject to attorney-client privilege, work-product protection, or another applicable protection, Federal Rule of Civil Procedure 26(b)(5)(B) applies. Under Federal Rule of Evidence 502(d), disclosure in this Action does not

waive any privilege or protection in this Action or any other federal or state proceeding. This nonwaiver applies whether or not the disclosure was inadvertent and whether or not reasonable steps were taken to prevent or rectify it. The Receiving Party may preserve one sequestered copy solely to present a challenge to the claim; otherwise it must promptly return, sequester, or destroy the identified material and may not use or disclose it pending resolution.

**13. MISCELLANEOUS**

**13.1 Further Relief.**

Nothing in this Order abridges any person's right to seek modification or additional relief from the Court.

**13.2 Other Objections.**

No Party waives any otherwise available objection to discovery, disclosure, admissibility, or use of material by stipulating to this Order.

**13.3 Filing Protected Material.**

A Party seeking to file Protected Material under seal must comply with Local Civil Rule 79-5. A confidentiality designation does not establish that sealing is warranted. Protected Material may be filed under seal only pursuant to an order authorizing sealing of the specific material. If a sealing request is denied, the material may be filed publicly unless the Court orders otherwise.

**14. FINAL DISPOSITION**

Within sixty (60) days after final disposition, upon written request by a Designating Party, each Receiving Party must return or destroy that Designating Party's Protected Material and certify completion by category. Counsel may retain archival copies of pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant or expert work product. Any retained Protected Material remains subject to this Order.

**15. VIOLATION**

A violation of this Order may be punished by any appropriate measure, including contempt proceedings or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated: September 30, 2026

CROSS-BORDER COUNSELOR, LLP

By: */s/ Alan E. Engle*

Alan E. Engle
1115 Seal Way
Seal Beach, CA 90740
Tel: (310) 428-6985
aengle@cbcounselor.com

Attorneys for Plaintiffs Hangzhou Jonger Information Technology Co., Ltd.; and Wenzhou Jonger Trading Co., Ltd.

Dated: September 30, 2026

LAW OFFICES OF STEVE QI & ASSOCIATES

By: */s/ Steve Qi*

Steve Qi
3452 E Foothill Blvd, Suite 120
Pasadena, CA 91107
Tel: (626) 282-9878
Steveqi@sqilaw.com

Attorneys for Defendant Cathy Logistics, Inc.

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: September 30, 2026

HONORABLE DAVID T. BRISTOW
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [full name], of ______________________________________________ [address], declare under penalty of perjury that I have read and understand the Stipulated Protective Order entered by the United States District Court for the Central District of California in *Hangzhou Jonger Information Technology Co., Ltd., et al. v. Cathy Logistics, Inc.*, *et al.*, Case No. 5:26-cv-01166-KK-DTB. I agree to comply with and be bound by all terms of that Order. I understand that failure to comply may expose me to sanctions and punishment in the nature of contempt. I will not disclose material subject to the Order except in strict compliance with it.

I submit to the jurisdiction of the United States District Court for the Central District of California for enforcement of the Order, even after termination of the Action.

Date: __________________________________________

City and State where signed: _______________________

Printed name: ___________________________________

Signature: ______________________________________